# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JULIE BEBERMAN,

    *Plaintiff*,

v.

ANTONY BLINKEN,

    *Defendant*.[1]

Civil Action No. 20-873 (TJK)

## MEMORANDUM OPINION

Julie Beberman, a Foreign Service career candidate, was denied tenure and was set to be separated from the Foreign Service in late March 2016. Around this time, she filed several grievances with the Foreign Service Grievance Board (FSGB) and in each requested interim relief from separation while the FSGB adjudicated the merits of the grievance. In early March 2016, the FSGB granted Beberman temporary interim relief while it adjudicated her requests for interim relief. But the FSGB then denied Beberman's requests for interim relief and she was ultimately separated from the Foreign Service. Proceeding pro se, Beberman filed this lawsuit challenging the denials of interim relief and several other interlocutory orders. And soon after filing, she moved to stay the denial of interim relief, requesting temporary reinstatement pending final adjudication of her grievances. Defendant moved to dismiss for failure to state a claim. The Court will grant Defendant's motion because the challenged actions are not final actions subject to judicial review and deny Beberman's motion to stay as moot.

---

[1] Defendant Antony Blinken, who assumed office as Secretary of State in January 2021, is automatically substituted for Michael Pompeo under Federal Rule of Civil Procedure 25(d). Case

I.      **Factual and Procedural Background**

The Foreign Service denied Beberman tenure and scheduled her for separation from its ranks in late March 2016.  Around that time, she filed a series of related grievances with the FSGB; the substance of those grievances is not relevant here.  Along with each grievance, she requested interim relief from separation from the Foreign Service under 22 U.S.C. § 4136(8) while the FSGB adjudicated the merits of her claims.  Beberman enjoyed temporary interim relief while her interim relief requests were pending, but after denial of those requests she was separated from the State Department.  ECF No. 4 ("Am. Compl.") ¶¶ 17, 18, 19, 32.[2]

Beberman filed the instant petition to challenge eleven separate orders related to three grievances before the FSGB.[3]  The orders denied her interim relief from separation from the Foreign Service, denied her motion to compel discovery, and denied her reconsideration of those same orders.  *See* Am. Compl. ¶ 5.  Shortly after filing this suit, Beberman moved to stay the denial of interim relief from separation and requested temporary reinstatement pending final adjudication of her grievances.  ECF No. 6.  In response, Defendant moved to dismiss, arguing that the challenged orders were not "final" as necessary for judicial review.  ECF No. 10.

---

[2] In a separate case before this Court, Beberman filed a motion for a preliminary injunction to stop her separation, which the Court denied.  *Beberman v. U.S. Dep't of State*, No. 19-cv-3115, 2019 WL 5653626, at *1 (D.D.C. Oct. 30, 2019)

[3] This is at least the tenth federal lawsuit filed by Beberman related to her employment at the State Department.  *See Beberman v. Pompeo*, 1:16-cv-02361-TJK, ECF No. 65 (D.D.C. December 11, 2018) (summarizing Beberman's relevant litigation history through December 2018).  *See also Beberman v. Pompeo*, No. 20-cv-01, 2021 WL 237691 (D.V.I. Jan. 25, 2021); *Beberman v. U.S. Dep't of State*, No. 19-cv-3115, 2019 WL 5653626, at *1 (D.D.C. Oct. 30, 2019).

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must "accept the well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.    Analysis

Beberman challenges eleven FSGB orders that denied her interim relief from separation, denied her motion to compel discovery, denial her reconsideration of these issues.  *See* Am. Comp. ¶ 5.  She brings her claims under the Foreign Service Act, which provides a grievance procedure for employees who wish to seek review of the agency's decision to separate them from the Foreign Service.  22 U.S.C. §§ 4131–4140.  The Foreign Service Act allows "judicial review of a *final action* of the Secretary or the Board on any grievance," 22 U.S.C. § 4140(a) (emphasis added), in accordance with the procedures for judicial review under the APA, 5 U.S.C. §§ 701–706.  22 U.S.C. § 4140.  The APA itself authorizes judicial review of "[a]gency action made reviewable by statute and *final agency action* for which there is no other adequate remedy in a court."  5 U.S.C. § 704 (emphasis added).

Defendant argues that Beberman's challenges to these orders fail because they are not final agency action.  And if so, she lacks a cause of action.  *See, e.g.*, *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 188–89 (D.C. Cir. 2006).  Beberman concedes that these are not final actions but argues that the "collateral order doctrine" allows review regardless.  *See* ECF No. 12

("Pl. Opp.") at 1 ("While the FSGB has not issued its final decision on Petitioner's grievance, it has issued its final decision on the collateral question of whether to grant Beberman interim relief from separation."). The Court cannot agree.

Collateral order review is only available for a "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). The Supreme Court has warned that this doctrine "must never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009). To be appealable under the collateral order doctrine, an order must meet each of these three requirements: it must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006). Because this test is conjunctive, the Court need only determine that each challenged order fails on at least one of the three prongs.

### A. Orders Denying Interim Relief from Separation and Reconsideration of Those Orders

The first group of orders Beberman challenges denied her interim relief from separation from the Foreign Service. These orders are not subject to collateral review. Dispositive here is the second prong of the collateral order test: whether the order resolves an issue "completely separate from the merits." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *see also Oglala Sioux Tribe v. U.S. Nuclear Regul. Comm'n*, 896 F.3d

520, 528 (D.C. Cir. 2018) (allowing appeal where administrative action "ha[d] no bearing on its ultimate resolution of the merits.").

The FSGB's standard for granting an interim stay is highly informative on this point. An interim stay of separation "should be granted only in cases where grievant has shown a reasonable likelihood of prevailing in the grievance appeal." ECF No. 4 at 13 (FSGB Case No. 2015-035 (June 14, 2017)). Thus, the standard requires consideration of the merits of the grievance. *See also Aragon v. Tillerson*, 240 F. Supp. 3d 99, 107 (D.D.C. 2017) (describing an FSGB decision as "denying the plaintiff's request for continued interim relief on the ground that he was unlikely to prevail on the merits"); *Ehrman v. United States*, 429 F. Supp. 2d 61, 65 (D.D.C. 2006) (describing an FSGB decision as "den[ing] [Plaintiff's] request for interim relief, reasoning that he would suffer no irreparable harm from separation and that there was little likelihood that he would prevail on the merits of the appeal"). Thus, the interim relief inquiry is not "completely separate" from the merits, but "deeply enmeshed with the factual and legal issues of the underlying grievance." *Beberman v. U.S. Dep't of State*, No. 1:16-CV-00063, 2017 WL 3431836, at *4 (D.V.I. Aug. 9, 2017).

The orders denying reconsideration of the denial of interim relief are similarly unreviewable because they resolve issues also not "completely separate from the merits."[4] A motion for reconsideration must be based on (1) "an intervening change in controlling law," (2) the "availability of new evidence," or (3) "the need to correct clear error or prevent manifest injustice." *See* FSGB No. 2016-036 (Sept. 30, 2019) (applying factors typically considered in a

---

[4] Defendant suggests that Beberman's failure to address the reconsideration and discovery orders in her opposition means she has conceded those issues. But she is proceeding pro se, and so the Court declines to treat them as conceded. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

5

Motion for Reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure). A reconsideration analysis generally requires re-engagement with the substance of the initial order to determine whether a change in law is relevant to the analysis, to consider new evidence, or to determine whether the order constitutes clear error or manifest injustice.[5] And as just discussed, an FSGB order denying interim relief from separation is "deeply enmeshed with the factual and legal issues of the underlying grievance." *Beberman v. U.S. Dep't of State*, No. 1:16-CV-00063, 2017 WL 3431836, at *4 (D.V.I. Aug. 9, 2017). Thus, an order denying reconsideration of an order that denied such interim relief in the first place is also not "completely separate from the merits," as required for this Court to conduct collateral order review.

Beberman's reliance on an unusual D.C. Circuit case allowing collateral review of an order denying temporary reinstatement of a party's employment is unavailing. *See* ECF No. 12 at 2–4 (citing *CalPortland Co. v. Fed. Mine Safety & Health Rev. Comm'n*, 839 F.3d 1153, 1161 (D.C. Cir. 2016)). Central to the Circuit's resolution of that case was the Federal Mine Safety and Health Act's (FMSHA) temporary-reinstatement remedy for whistleblowing miners, available to those miners who claim that they were discriminated against as a result of their whistleblowing activity. 30 U.S.C. § 815(c)(2). Under that scheme, upon determination by the Secretary that a whistleblower's discrimination complaint was "not frivolously brought," the Commission "shall order the immediate reinstatement of the miner pending final order on the complaint," *Id.* Although the FMSHA's whistleblowing protections generally apply to both

---

[5] Collateral order doctrine analysis focuses on "the entire category to which a claim belongs," *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994), rather than undertaking an individualized inquiry, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473 (1978). Still, examination of the orders in question supports the conclusion that a motion to reconsider is necessarily not "completely separate from the merits." *See* FSGB 2015-035 (April 24, 2018) (ECF No. 4 at 69); FSGB 2015-035 (Feb 11, 2020) (ECF No. 4 at 90), FSGB 2016-036 (Sept. 30, 2019) (ECF No. 4-1 at 2); FSGB 2016-001 (Apr. 3, 2020) (ECF No. 4-1 at 94).

miners and applicants for employment, the temporary reinstatement remedy is limited to miners. *See id.* § 815(c)(1)–(3). "Accordingly, whether a complainant is a 'miner' or an 'applicant for employment' is a threshold issue" that must be addressed in considering temporary reinstatement. *CalPortland*, 839 F.3d at 1156–57. In *CalPortland*, the Circuit determined that collateral order review of the temporary reinstatement order under that scheme was appropriate, where the only challenged issue was whether the whistleblower was a miner or an applicant. The court found that type of order "separate from the merits" in part because the miner-applicant determination "is relevant only to the temporary reinstatement issue and need not be addressed in the merits decision." *Id.* at 1161. Thus, the *CalPortland* precedent does not apply to all temporary or interim employment determinations, or the kind of order at issue here. The FSGB's denials of Beberman's requests for interim relief from separation did not turn on a threshold issue like the miner-applicant determination in *CalPortland*, and unlike the order in that case, they were based on the FSBG's determination that Beberman was not likely to succeed on the merits of her grievance appeal. Thus, the denials of interim relief are not "completely separate from the merits" so as to allow review.

    **C.**    **Order Denying the Motion to Compel Discovery and Reconsideration of That Order**

Both the order denying Beberman's motion to compel discovery and the order denying reconsideration are also not subject to collateral review. That is so because they fail the third prong of the test—they are not "effectively unreviewable on appeal from a final judgment." *Will*, 546 U.S. at 349. Discovery orders are commonly reviewed on appeal from a final judgment. *See In re Al Baluchi*, 952 F.3d 363, 368 (D.C. Cir. 2020) (describing "direct appeal from final judgment" as an "obvious means of review" of a discovery order). And collateral order review of discovery orders is typically unavailable. *See Firestone Tire & Rubber Co. v.*

7

*Risjord*, 449 U.S. 368, 377 (1981) ("[The Supreme Court] ha[s] generally denied review of pretrial discovery orders."). In addition, Beberman challenges orders *denying* her motions to compel; these orders did not require the disclosure of any information over a party's objection. Thus, they can readily be reviewed, and potentially reversed, on appeal. *See Firestone*, 449 U.S. at 378 ("Interlocutory orders are not appealable on the mere ground that they may be erroneous."); *see also* Wright & Miller § 3914.23, at 123 ("Routine appeal from disputed discovery orders would disrupt the orderly progress of the litigation, swamp the courts of appeals, and substantially reduce the district court's ability to control the discovery process."). In their analysis of this third prong, courts often also consider "whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Mohawk Indus.*, 558 U.S. at 107 (quoting *Will*, 546 U.S. at 352–353). But no such substantial public interest or higher order value is directly affected by delaying review of the order denying Beberman discovery. And finally, Beberman's challenge to the order denying reconsideration of that denial is also not "effectively unreviewable on appeal from a final judgment," as it too remains reviewable on appeal from final judgment.

    **D.**    **Motion to Stay**

Also pending before the Court is Beberman's Motion to Stay. This motion "seeks stays of the decisions of the [FSGB] denying her continued interim relief from separation and denying her reconsideration until the Court decides this petition for review . . ." ECF No. 6 at 1. As just explained, the Court will dismiss the petition under Rule 12(b)(6). Thus, this motion is moot.

## IV. Conclusion

For all these reasons, Defendant's motion to dismiss will be granted and Beberman's motion to stay will be denied as moot. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 26, 2021

9